**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GERALD G. COTTON,

        Plaintiff,

v.                                                                                              No. CIV-05-0183 JB/LCS

R. LOONEY, Warden, et al.,

        Defendants.

MEMORANDUM OPINION AND
ORDER TO SHOW CAUSE

        This matter is before the Court, sua sponte under 28 U.S.C. § 1915(e)(2), Fed. R. Civ. P. 12(b)(6), and 42 U.S.C. § 1997e(a), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. He has moved for waiver of the initial partial payment. The motion will be granted, and for the reasons below, Plaintiff will be required to show cause why his complaint should not be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint sua sponte under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). And according to the provisions of 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions . . . until such administrative

remedies as are available are exhausted." In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that on numerous occasions Defendants have denied Plaintiff access to a law library. He claims Defendants' conduct violated certain of his constitutional protections, and he seeks damages and injunctive relief.

Plaintiff's allegations do not appear to meet the requirements of 42 U.S.C. § 1997e(a). Of the several grievance forms attached to the complaint, only one dated February 3, 2005, complains about use of the library. At the time of the February 3 grievance, the library was closed for security reasons. Plaintiff's complaint alleges a number of subsequent actions by Defendants for which no grievances are indicated. "[A] complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.' " *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 121 (10th Cir. 2003) (quoting *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998).

"[T]he PLRA . . . requires inmates to exhaust fully all of their claims before filing in federal court." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004). "Nor is [Plaintiff's] argument that he gave notice of his claims to various Defendants by means other than the grievance process persuasive--the doctrine of substantial compliance does not apply." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "We further note that [Plaintiff] failed to attach copies of the applicable grievance forms, showing disposition, to his complaint, and that his complaint does not appear to describe with specificity the administrative proceedings relevant to his grievances and the outcome of those proceedings." *Fuller v. Myers*, No. 04-3210, 2005 WL 408063, at \*\*2 (10th Cir.

2

Feb. 22, 2005). Under these standards, Plaintiff has not sufficiently shown that he has exhausted administrative remedies. He will be required to show cause why his complaint should not be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for waiver of the initial partial payment toward the statutory filing fee (Doc. 10) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall be required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk shall provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that, within twenty (20) days from entry of this order, Plaintiff shall file a response showing cause, if any, why his complaint should not be dismissed for failure to exhaust administrative remedies.

_____
UNITED STATES MAGISTRATE JUDGE