IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALD G. COTTON,

        Plaintiff,

v.                                                        No. CIV-05-0183 JB/LCS

R. LOONEY, Warden,
LINDA LYON, Unit Manager,
A. JARAMILLO, Sgt.,
S. COOK, Case Manager,
CORRAL, Unit Manager,
S. BACA, Case Manager,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's response to the order entered June 17, 2005. In the June 17 order, the Court observed that the Plaintiff's amended complaint (the "complaint")[1] did not adequately allege exhaustion of administrative remedies. The Court required the Plaintiff to show cause why, under 42 U.S.C. § 1997e(a), the Court should not dismiss his complaint. In his response, the Plaintiff concedes that he attached all his grievance forms to the amended complaint filed March 7, 2005. He alleges that corrections officials transferred him to other facilities, thus preventing him from pursuing grievances. The Court notes, however, that the Plaintiff filed his amended complaint while he was still at the Torrance County Detention Facility.

The Plaintiff's allegations do not meet the requirements of 42 U.S.C. § 1997e(a). Of the several grievance forms attached to the complaint, only one dated February 3, 2005, complains about

---

[1] The amended complaint superseded the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).

use of the library. At the time of the February 3 grievance, the library was closed and inmates were restricted to their housing pods for security reasons. (Grievance of Feb. 3, 2005, attached to am. compl.) The Plaintiff makes no allegation that he appealed from this grievance or filed grievances when Defendants subsequently denied him access to the library for other reasons. "[T]he PLRA . . . requires inmates to exhaust fully all of their claims before filing in federal court." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004). "[A] complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.' " *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 121 (10th Cir. 2003) (quoting *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998). The Court will dismiss the Plaintiff's complaint without prejudice for failure to exhaust available administrative remedies.

**IT IS THEREFORE ORDERED** that the Plaintiff's complaint is DISMISSED without prejudice for failure to exhaust administrative remedies; and, pursuant to rule 58(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE